S. Joseph Darrah
Wyoming State Bar No: 6-2786
Darrah Law Office, P.C.
254 East 2nd Street
Powell, WY 82435
(307)754-2254
joey@darrahlaw.com

Brigita S. Krisjansons
Wyoming State Bar No: 6-3346
Keegan, Krisjansons & Miles, P.C.
P.O. Box 2930
Cody, WY 82414
(307) 587-3783
b.krisjansons@kkmattorneys.com

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2020 JAN -9 PM 12: 27

MARGARET BOTKINS, CLERK
CHEYENNE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BEST OF THE WEST PRODUCTIONS, LLC, a Wyoming Limited Liability Company; and HUSKEMAW OPTICS, LLC, a Wyoming Limited Liability Company,<br><br>Plaintiffs,<br><br>-vs-<br><br>JOSEPH R. CUNNINGHAM, III,<br><br>Defendant. | Case No.<br><br>20-CV-2-F |

## COMPLAINT

COME NOW, Plaintiffs, by and through their counsel, S. Joseph Darrah and Brigita S. Krisjansons, and allege the following against Defendant Joseph R. Cunningham, III:

1. Upon information and belief, Joseph R. Cunningham, III is a resident of Missouri.

2. Best of the West Productions, LLC ("Best of the West") is registered to do business in Wyoming and has its headquarters located in Cody, Wyoming.

3. Huskemaw Optics, LLC ("Huskemaw") effectively operates as a subsidiary of Best of the

West, and is likewise registered to do business in Wyoming and has its headquarters located in Cody, Wyoming.

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship between the Plaintiffs and Defendant, and the amount in controversy exceeds $75,000.00.

5. Venue is proper, pursuant to 28 U.S.C. § 1391(a), in this Court because this case arises out of damages sustained by Plaintiffs in Park County, Wyoming.

6. Joseph R. Cunningham, III was previously an employee of Best of the West in Cody, Wyoming and after his termination as an employee, he became an independent contractor where he remained until his contract was terminated in December 4, 2017.

7. Best of the West and Huskemaw are engaged in the business of manufacturing and marketing high end rifle scopes, optics, weapons, shooting systems, and other outdoor and sportsman related merchandise.

8. Best of the West also produces and airs a television show nationwide in the United States and Canada, and relies upon good and valuable business relationships with other sponsors doing business in the outdoor recreation industry.

9. Best of the West expends considerable sums of money marketing their products each year through various forms of media, including a weekly television show known as *Best of the West*, and various other forms of media such as trade shows, shooting schools, print ads, seminars, websites and social media.

10. The television show secures sponsors to pay for advertising time, and as such, is beneficial to the Companies.

11. During the Spring of 2017, Best of the West was seriously working with an out-of-state outdoor line of products company ("out-of-state company") so that the out-of-state company located in Montana would place a Best of the West two page layout in the out-of-state company catalogs featuring Huskemaw and Best of the West products. The agreed plan was for those catalogs to be sent to 1.2 to 1.4 million of the out-of-state company's customers, in exchange for the out-of-state company becoming a sponsor of the *Best of the West* television program.

12. Cunningham was aware that Best of the West was working with the out-of-state company and that Best of the West had developed a good and valuable business relationship and expectancy of doing business with the out-of-state company as set forth in the previous paragraph.

13. The marketing program with the out-of-state company from Monana was projected to be very lucrative and of considerable value to Best of the West and Huskemaw (the "Companies).

14. The agreement with the out-of-state company was solidified and was moving forward to near conclusion and fruition in November, 2017.

    a. Jack Peterson and Jim Sessions on behalf of Best of the West had stopped by the out-of-state company's facility during the first week of December, 2017, and they met with the owner of the out-of-state company.

    b. The owner of the out-of-state company had Peterson and Sessions take some video of the store and the store front to be used for marketing, and Best of the West was in the process of editing a television commercial. The out-of-state company had already paid some cash to the Companies as a good faith means of supporting the transaction.

15. Plaintiffs are of information and belief that Defendant Cunningham (after termination of his contract with Best of the West) had contacted the owner of the out-of-state company and convinced the owner of the out-of-state company to no longer do business with the Companies, all to effectuate a former Best of the West investor's pre-textual goals of garnering control of Best of the West, and to require Defendant Cunningham to be rehired as a contractor of Best of the West, as was the stated purpose.

16. Plaintiffs are of the information and belief that Defendant Cunningham did in fact conspire with others to communicate and did communicate with the owner of the out-of-state company as a means of convincing that company owner in Montana to cease in doing business with Best of the West under the mutual marketing and endorsement program, which had been in the works for several months.

17. As a consequence of communications with Defendant Cunningham, a couple of days later in December, 2017, the owner of the out-of-state company inexplicably contacted the managers of Best of the West and terminated the valuable relationship that the out-of-state company had and was contemplated to have with Best of the West.

18. While Defendant Cunningham served as a contractor and employee for Best of the West, he had access to a customer list, vendor lists and was provided information regarding persons or entities which had good and valuable business relationships with Best of the West. Upon his termination, Defendant Cunningham was informed, and was made aware that he was not to have communications or contact with any of the established contacts of Best of the West or its subsidiary, Huskemaw Optics, LLC.

19. Plaintiff is likewise of information and belief that Defendant Cunningham has used customer

lists and other Company information regarding professional relationships that the Companies enjoyed with others and he has used such information for his benefit and to the detriment of the Companies.

20. Plaintiffs are of the information and belief that Defendant Cunningham has video footage of Best of the West and has shared such footage which is the exclusive property of Best of the West with others for their own improper personal and commercial use.

21. During his employment and later as a contractor of Best of the West, Defendant Cunningham had been provided the names of actual and potential customers, dealers, outfitters, industry contacts, vendors, and suppliers of the Companies. The lists and information were trade secrets. The Companies have never given Cunningham any permission to solicit the customers, dealers, outfitters, industry contacts, vendors, and suppliers of the Companies ("industry contacts").

22. The Companies are of the information and belief that Defendant Cunningham set about to contact industry contacts to solicit their business and relationships in an effort to fulfill the plan which was calculated to allow the third party investor in Best of the West to take over the Companies.

23. During his tenure as a contractor of Best of the West, Defendant Cunningham had possession of several items of personal property belonging to Best of the West, which were required to be returned after the termination of his contract. Those items included but were not limited to:

   a.   A Viper Trailer World enclosed trailer;

   b.   Best of the West signature shooting systems containing serial numbers:

      i.     BOTW00326;

      ii.    BOTW 00332;

      iii.   BOTW 00367, with Huskemaw Scope BD52-C0811C;

      iv.   BOTW 00399 with Huskemaw Scope BD52-C0209;

      v.    BOTW 00404 with Huskemaw Scope BD52-C012;

      vi.   BOTW 00546 with Huskemaw Scope TD53-0026; and

      vii.  BOTW 00553.

c.    The following new inventory items:

      i.     Three (3) Huskemaw Optics Blue Diamond Series 5-20x50 rifle scopes with the following serial numbers: BD52AO0895. BD52A0841, BD52A0910;

      ii.    Four (4) Huskemaw Optics Tactical Series 5-30x56 rifle scopes;

      iii.   Four (4) Huskemaw Optics Tactical 1-6x24 rifle scopes;

      iv.   Four (4) Hawkins/Emperical Scope Bases–Nesika Actions;

      v.    Four (4) Hawkins/Emperical Tactical Rings (34mm).

24. In 2018, Plaintiff received a call from an agent of the ATF, indicating that Defendant Cunningham had traded one of the Signature Series weapons temporarily issued to him by Best of the West to a taxidermist who was likewise a felon, in exchange for the value of taxidermy services provided for and on behalf of Defendant Cunningham.

25. A letter was sent to Defendant Cunningham, requesting return of some of the shooting systems identified herein and the trailer. Subsequent to that letter being received by Defendant Cunningham, the former third party investor's attorney inexplicably sent a letter dated July 30, 2018, indicating that Defendant Cunningham had turned possession of certain

of the items of personal property identified above and owned by Best of the West to the former Best of the West Investor, and that the former investor in Best of the West would continue to retain possession of the same.

26. The possession of the items of personal property by Defendant Cunningham, and then the former third party investor, was and is wrongful and was intended by Defendant Cunningham to permanently deprive Best of the West of its rightful possession of said weapons, scopes and trailer.

27. Defendant Cunningham had no right to keep possession of items, which were essentially stolen by Defendant Cunningham; therefore, he is liable to pay the value of those items, as Best of the West has been deprived of the use of those items to sell as part of its inventory.

### First Claim for Relief: Interference with Prospective Advantage

28. Plaintiffs incorporate by reference all previous allegations as if alleged herein.

29. For several months during 2017, the Plaintiff Companies commenced a business relationship with a third party, out-of-state company located in Montana which contemplated that the out-of-state company would provide a cash sponsorship for the *Best of the West* television show and, in exchange, the out-of-state company would insert two page layouts in that out-of-state company's catalogs intended to market the Best of the West and Huskemaw Optics products. They also agreed to place the Companies' products in their own store in Montana to market them for Plaintiffs.

30. The Companies had a reasonable expectation of significant gains in profits and access to a new market for their products based upon the relationship with the out-of-state company.

31. During the time period of the Companies' relationship with the out-of-state company, and

all time relevant, the out-of-state company was an independent entity, otherwise legally unaffiliated with the Plaintiff Companies or Defendant Cunningham.

32. As the arrangements were almost totally finalized for the transaction with the out-of-state company as described herein, on information and belief, Defendant Cunningham began a course of conduct consisting of a conspiracy giving rise to his direct improper communications with the out-of-state company, which were calculated to disrupt and destroy the Plaintiff Companies' relationship with the third party out-of-state company, and which did in fact disrupt and terminate such relationships.

33. On information and belief, in engaging in the conduct described herein, Defendant Cunningham intended to impair and destroy the Plaintiff Companies' business relationship with the third party out-of-state company, thereby destroying the Plaintiff Companies' expectancy of significant economic gain.

34. On information and belief, Defendant Cunningham engaged in the interfering conduct with malice toward the Plaintiff Companies and a desire to injure Plaintiff Companies and their respective membership, and with a desire to injure the Plaintiff Companies economically, and with wantonness and disregard for the rights of the Plaintiff Companies.

35. Defendant Cunningham's conduct alleged herein was improper, unlawful, and unfair, in that it involved unreasonable restraints of trade, was a misappropriation of trade secrets, was based upon false assertions and statements to the third party out-of-state company, and involved the use of confidential information, which would not have been available but for the positions that Defendant Cunningham previously held with the Plaintiff Companies.

36. Defendant Cunningham was not justified or privileged to engage in the conduct which

       resulted in the impairment or loss to the Plaintiff Companies' business relationship with the out-of-state company from Montana.

37. The conduct engaged in by Defendant Cunningham as described herein was the proximate cause of the loss related to the impairment of the Plaintiff Companies' relationship with the out-of-state company from Montana, which resulted in the Plaintiff Companies' loss of the expectancy of significant economic gain.

38. As a result of the conduct of Defendant Cunningham, the Plaintiff Companies' losses were significant and are in amounts which will be proved at trial.

39. Plaintiffs are entitled to an award for exemplary damages on account of the acts of Defendant Cunningham as his conduct was egregious, intentional and in disregard of the rights of the Plaintiff Companies.

### Second Claim for Relief: Conversion

40. Plaintiffs incorporate by reference all previous allegations as if alleged herein.

41. The Companies are the owner of the weapons, scopes and trailer identified herein whose possession is withheld by Defendant Cunningham.

42. The Companies have at all times been entitled to exclusive possession of the personal property held by Defendant Cunningham as alleged herein.

43. Defendant Cunningham never had any legitimate right, title or interest in the personal property.

44. Defendant Cunningham and the party he gave the Plaintiff's personal property to have conspired in a manner calculated to deprive the Plaintiff Companies of rightful dominion, possession, and control of the weapons, scopes, and trailer.

45. Defendant Cunningham's unlawful possession and property amount to conversion for Plaintiff Companies' own use and benefit.

46. By reason of the wrongful deprivation of the right to the Plaintiff Companies to possess and control their property, the Plaintiff Companies have been damaged in an amount proven at trial.

47. Defendant Cunningham has collectively and individually engaged in willful and wanton misconduct, which caused damages to the Plaintiff Companies.

48. Because of Defendant Cunningham's willful and wanton misconduct, he should be held liable to the Plaintiff Companies for exemplary or punitive damages, including attorneys' fees.

### Third Claim for Relief: Replevin

49. Plaintiffs incorporate by reference all previous allegations as if alleged herein.

50. The Plaintiff Companies are entitled to the issuance of a writ of replevin which requires the return of the personal property owned by the Plaintiff Companies if said property has not been devalued.

WHEREFORE, Plaintiffs demand Judgment as follows:

1. As it pertains to Defendant's conduct in the First and Second Claims for Relief, compensatory damages, and exemplary damages, costs and applicable attorneys' fees;

2. To the extent that such personal property has not been devalued and is still in possession of Defendant Cunningham, for a writ of replevin related thereto.

3. For statutory pre-judgment and postjudgment interest and any other relief which the Court deems just and equitable in the premises.

DATED this \_\_31\_\_ day of December, 2019.

_____
S. Joseph Darrah
Wyoming State Bar No: 6-2786
Attorney for Plaintiffs
Darrah Law Office, P.C.
254 East 2nd Street
Powell, WY 82435
(307)754-2254
joey@darrahlaw.com

_____
Brigita S. Krisjansons
Wyoming State Bar No: 6-3346
Attorney for Plaintiffs
Keegan, Krisjansons & Miles, P.C.
P.O. Box 2930
Cody, WY 82414
(307) 587-3783
b.krisjansons@kkmattorneys.com